RYLEY CARLOCK & APPLEWHITE
One North Central Avenue,
Suite 1200
Phoenix, Arizona 85004-4417
Telephone: 602/258-7701
Telecopier: 602/257-9582
John C. Lemaster - (SBN 011588)
jlemaster@rcalaw.com

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
DALE F. KINSELLA (*Pro Hac* Application Pending)
JEREMIAH T. REYNOLDS (*Pro Hac* Application Pending)
jreynolds@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310/566.9800
Facsimile: 310/566.9850

Attorneys for Plaintiffs Legend-Morphy
and Laura Sperber

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LEGEND-MORPHY, a general partnership, and LAURA SPERBER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>XCENTRIC VENTURES, LLC, an Arizona Limited Liability Company; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>1. **COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 501 et seq.)**<br><br>2. **FALSE ADVERTISING/ DESIGNATION (15 U.S.C. § 1125)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Legend-Morphy and Laura Sperber (collectively, "Plaintiffs") allege as follows:

## THE PARTIES

1. Plaintiff Legend-Morphy ("Legend-Morphy") is a general partnership with its principal place of business in Denver, Pennsylvania. Legend-Morphy is an auction company specializing in rare coins.

2. Plaintiff Laura Sperber ("Sperber") is a resident of the State of New

2406025.1
10/22/12

Jersey, County of Monmouth. Sperber is President of Legend Numismatics, one of the premier high-end coin dealerships in the United States. Sperber is also a co-owner of Legend-Morphy.

3. Plaintiffs are informed and believe that Defendant Xcentric Ventures, LLC ("Xcentric") is an Arizona limited liability company with its principal place of business in Tempe, Arizona. Plaintiffs are informed and believe, and based thereon allege, that Defendant operates the website www.RipoffReport.com ("Ripoff Report").

4. The true names and capacities of defendants named as Does 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names ("Doe Defendants"). Plaintiffs will amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe, and based thereon allege, that Does 1 through 10, inclusive, were responsible in some manner for the acts and transactions hereinafter alleged and are liable to Plaintiffs therefor.

5. Defendant Xcentric Ventures, LLC and DOES 1 through 10, inclusive, are at times referred to herein collectively as "Defendants."

**JURISDICTION AND VENUE**

6. This complaint alleges copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*., and violation of the Lanham Act arising under 15 U.S.C. § 1125(a). This Court has subject matter jurisdiction over these federal question claims pursuant to 17 U.S.C. §§ 101 *et seq*., 15 U.S.C. § 1125(a) and 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Defendants in that the acts complained of herein occurred in the District of Arizona. In addition, Plaintiffs are informed and believe, and based thereon allege, that Xcentric has its principal place of business in the State of Arizona and in this judicial district.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(a), (b) and (c).

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### Ripoff Report

9. Ripoff Report is a for-profit website, which describes itself as a "worldwide consumer reporting Web site and publication, by consumers, for consumers, to file and document complaints about companies or individuals." Ripoff Report permits anyone over the age of 14 to post free, unedited and unsubstantiated complaints known as "reports" which contain details of the user's experience with the company or individual listed in the report.

10. Plaintiffs are informed and believe that Ripoff Report takes active measures to deliberately increase the visibility of its "reports" in the results of various Internet search engines, such as Google, Bing, Yahoo, etc. Indeed, Ripoff Report often ranks high on major search engines for any given brand or company mentioned, usually showing up in the top few positions on Google, and sometimes even ahead of a brand's official website. Ripoff Report touts this very feature on its website: "Your Ripoff Report will be discovered by millions of consumers! Search engines will automatically discover most reports, meaning that within just a few days or weeks, your report may be found on search engines when consumers search, using key words relating to your Ripoff Report." As a result, being listed on Ripoff Report has the strong potential to be detrimental to any business or individual.

### Submitting a Report

11. In order to submit a "report," users must first create a Ripoff Report account, which process includes selecting a "Display Name." Users are at liberty to select any Display Name they wish provided it is has not already been selected by another user on the site. Ripoff Report does not verify the identities of its users. Instead, after a user submits his or her account information, Ripoff Report sends a link to an email address identified by the user, which "verifies" the email address only.

12. Unlike most sites, once a user posts a "report" on the Ripoff Report, the

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

report is there forever.  Specifically, Ripoff Report does not allow users to take down their own reports, and the site will not remove reports upon request.  All complaints remain public.

### **Responding to and Resolving a Disputed Report**

13. Anyone with a Ripoff Report user account may respond to a report by submitting a "rebuttal."  Posting a rebuttal results in the report achieving a higher position in online search results.  Unfortunately for the targeted business or individual, however, the reports are configured to display the complaint in the search result summary, not the rebuttal.

14. Notwithstanding the above, there are options available through Ripoff Report to resolve a disputed report – *for a substantial fee*.  The first of these options is the Ripoff Report Corporate Advocacy Program.  By signing up for the program, Ripoff Report will perform an "investigation" into the report and post its findings above of the original report.  The original report remains on the Internet, but the positive content appears above the negative report.  Alternatively, Ripoff Report offers a "VIP Arbitration Program."  For a fee of $2,000, Ripoff Report allows a targeted company or individual to contest the truthfulness of the report made against them before an arbitrator.  Ripoff Report does not disclose how the fee of $2,000 is allocated between itself and the arbitrator.

### **The False Report Regarding Sperber And The Impersonation of Sperber**

15. On September 24, 2012, an anonymous user posted the following "report" about Laura Sperber on Ripoff Report (http://www.ripoffreport.com/laura-sperber-of-leg/computer-fraud/internet-internet-03130.htm):

> Laura Sperber from Legend Numismatics was indicted on charges of racketeering and money laundering on Monday.  A grand jury handed down the indictment Monday afternoon.  This capped a year long investigation in to her alleged criminal activity helping many well-known organized crime family launder money through the front of

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

coin collecting. She is a well known loud mouthed PCGS coin dealer.

16. This "report" is completely false. Sperber has never been indicted of racketeering and money laundering by a grand jury. Sperber has never been investigated for "helping many well-known organized crime family launder money through the front of coin collecting."

17. Notwithstanding the blatant falsehoods contained in the September 24, 2012 report, on October 3, 2012, a user purporting to be "Laura Sperber" posted a response to the September 24, 2012 post stating the following:

> This is Laura Sperber of Legend Coins. We sell only PCGS /CAC coins and only the highest quality. Some people are reported i was a under investigation. This is not true these charges of money laundering were dismissed by a judge three years ago. I only sell the best quality coin PCGS and CAC only and have not been convicted recently of any crimes. This is old news and i won the case!!!

The October 3, 2012 post is accompanied by a copyrighted photo of Sperber.

18. On October 5, 2012, the same user submitted a second post on Ripoff Report stating the following:

> "I am posting documents this week showing that all criminal charges were settled via plea bargin [sic]. I was never found guilty."

Copies of the September 24, October 3 and October 5, 2012 postings are attached hereto as Exhibit 1 and are incorporated herein by reference.

19. The above October 3 and 5, 2012 posts by user "Laura Sperber" were, in fact, not posted by Sperber, but by an individual impersonating Sperber. As stated above, Sperber has never been charged or investigated for money laundering. Sperber has never had charges against her for money laundering dropped. Sperber has never been convicted of any crimes and has never reached a plea bargain regarding any crimes. Furthermore, the posts using Sperber's name and identity falsely suggest that Sperber uses, endorses or otherwise approves of Ripoff Report.

5

**The Takedown Notice**

20. On October 8, 2012, pursuant to the Digital Millennium Copyright Act and as directed by Ripoff Report's own "Terms of Service," Plaintiffs, through their counsel, sent a "takedown notice" to Ripoff Report. The notice informed that a user on Ripoff Report named "Laura Sperber" was falsely claiming to be Sperber and had posted a copyrighted photo of Sperber on that website at the following link: http://www.ripoffreport.com/laura-sperber-of-leg/computer-fraud/internet-internet-03130.htm. The notice further informed Ripoff Report that the copyrighted photo of Sperber is owned and controlled by Legend-Morphy, and that Legend-Morphy did not consent to the photo being published on Ripoff Report.

21. In the notice, Plaintiffs demanded that the privileges of user "Laura Sperber" be immediately terminated pursuant to Ripoff Report's "Terms of Service." The Terms provide that the Ripoff Report "will terminate the privileges of any user who uses [Ripoff Report] to unlawfully transmit copyrighted material . . . ." Plaintiffs further demanded that that the infringing photo of Sperber be immediately removed from Ripoff Report.

22. Despite the takedown notice, Ripoff Report neither agreed to remove nor removed the copyrighted photo of Sperber from its site. Ripoff Report, on information and belief, also did not terminate the privileges of user "Laura Sperber" for unlawfully transmitting Plaintiffs' copyrighted material.

23. Instead of rectifying the ongoing infringement of Plaintiff's intellectual property rights occurring on Ripoff Report, instead, on October 13, 2012, the founder of Ripoff Report, Ed Magedson, published a comment on the "report" regarding Sperber in which he "cut and pasted" what he described as a "lovely email from [a] supporter of Laura Sperber . . . ." It is apparent that Ripoff Report and its founder have no intention of protecting the intellectual property rights of Plaintiff. Accordingly, Plaintiffs have been forced to file this action in order to enforce and protect their intellectual property rights under the United States' copyright laws and

trademarks.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement (17 U.S.C. §§ 501 *et seq*.)

### (By Plaintiff Legend-Morphy Against All Defendants)

24. Plaintiffs refer to paragraphs 1 through 23 of this Complaint and reallege each and every allegation as though fully set forth herein.

25. On October 3, 2102, a user falsely claiming to be Sperber posted a copyrighted photo of Sperber (the "Photo") at the following link on Xcentric's website, Ripoff Report: http://www.ripoffreport.com/laura-sperber-of-leg/computer-fraud/internet-internet-03130.htm.  As of the date of the filing of this Complaint, the photo remains on the Ripoff Report despite Plaintiff's specific request to Xcentric to take it down.

26. Legend-Morphy is the copyright owner of the Photo.  Legend-Morphy filed a registration for copyright in the Photo with the United States Copyright Office on October 15, 2012.  At no time has Legend-Morphy authorized Xcentric or Doe Defendants to publish, display, distribute, or utilize in any way the Photo.

27. Xcentric and Doe Defendants are distributing and displaying the Photo to the public on Ripoff Report without Legend-Morphy's authorization and in violation of its copyright.

28. Does Defendants' infringing acts were, and continue to be, committed willfully and knowingly.  Upon receiving Plaintiff's takedown notice on October 8, 2012, Xcentric became aware of the copyright infringement occurring on its website.  Nonetheless, Xcentric did nothing to remove the copyrighted photo.  Accordingly, as of October 8, 2012, Xcentric's infringing acts were, and continue to be, committed willfully and knowingly.

29. As a result of Defendants' copyright infringement as alleged above, Legend-Morphy has suffered and will continue to suffer injury and damage in an amount to be determined at trial.  Further, Legend-Morphy is informed and believes,

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  and based thereon allege, that Defendants have received or will receive profits,
2  gains, or other benefits from their infringing activities, all of which should be
3  disgorged to Legend-Morphy.  Alternatively, Legend-Morphy reserves the right to
4  seek statutory damages for Defendants' intentional infringement of its copyrighted
5  work.

6       30.   Defendants' copyright infringement has caused and will continue to
7  cause irreparable harm to Legend-Morphy which cannot be fully compensated by
8  money.   Legend-Morphy has no adequate remedy at law.   Legend-Morphy is
9  therefore entitled to preliminary and permanent injunctive relief preventing
10 Defendants from continuing to infringe Legend-Morphy's copyrighted work.

## SECOND CLAIM FOR RELIEF

### False Advertising and False Designation (15 U.S.C. § 1125(a))

### (By Plaintiff Sperber Against All Defendants)

14      31.   Plaintiffs refer to paragraphs 1 through 23 of this Complaint and
15 reallege each and every allegation as though fully set forth herein.

16      32.   Beginning in October 2012 and continuing to present, Xcentric's
17 website, Ripoff Report, published posts from a user named "Laura Sperber" falsely
18 claiming to be Sperber.  At least one such post was accompanied by a copyrighted
19 portrait of Sperber.  The false posts using Sperber's name and identity are available
20 to Ripoff Report's "worldwide" audience.

21      33.   The posts using Sperber's name and identity falsely suggest that
22 Sperber uses, endorses or otherwise approves of Ripoff Report.  In truth, Sperber
23 does not endorse or otherwise approve of that site.

24      34.   In addition, Xcentric has made unauthorized use of Sperber's name and
25 identity in "teasers" for Ripoff Report.  Indeed, when performing an Internet search
26 of Sperber's and company, Ripoff Report's site presently appears as the fifth "hit"
27 on Google.   On information and belief, Xcentric's unauthorized use of Sperber's
28 name and identity in this manner have deceived customers into believing that

Sperber uses and endorses the site.

35. Defendants' unauthorized use of Sperber's name and identity in the above manner alleged constitutes false designation of origin and false advertising within the meaning of 15 U.S.C. § 1125(a).

36. The actions of Defendants have caused and will continue to cause Sperber to suffer great and irreparable injury through (1) likelihood of confusion, mistake, and deception among the relevant public; and (2) the loss of valuable goodwill and business reputation symbolized by Sperber's name and identity. Sperber is therefore entitled to equitable relief in the form of a temporary restraining order, a preliminary injunction, and a permanent injunction against further violations of her rights.

37. As a direct and proximate result of the above actions, Sperber has been damaged in a sum or sums presently unknown, but which will be proven at the time of trial. Accordingly, Sperber is entitled to the full range of relief under the 15 U.S.C. § 1125(a).

38. On information and belief, Defendants had actual knowledge of Sperber's rights in her name and identity when they commenced infringing activity. Thus, Defendants have willfully, knowingly, and maliciously infringed Sperber's rights. Accordingly, pursuant to 15 U.S.C. § 1117(a), Sperber is entitled to an award of treble damages and attorney's fees against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

### On The First Claim for Relief

A. For compensatory damages in an amount to be determined at trial;

B. For specific performance and/or injunctive relief.

C. For attorneys' fees and costs.

9

**On The Second Claim for Relief**

A. For compensatory damages in an amount to be determined at trial;

B. For specific performance and/or injunctive relief.

C. For attorneys' fees and costs.

**On All Claims for Relief**

A. For pre-judgment and post-judgment interest as provided for by law; and

B. For all such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial on all issues so triable.

DATE: October 22, 2012

                KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
                Jeremiah T. Reynolds (*Pro Hac Vice Application pending*)

                RYLEY CARLOCK & APPLEWHITE

                By:    /s/John C. Lemaster
                       Attorneys for Plaintiff